UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 2 6 2004
Michael N. Milby, Clerk

| | |
|---|---|
| CRISMA, INC., ALMA MUSICAL/BMG SONGS, INC. and JUAN & NELSON PUBLISHING, ) ) ) ) | CIVIL ACTION NO. |
| Plaintiffs, ) ) | H-04-4510 |
| v. ) ) | |
| RADHEY, INC. and KISHORE K. MOTWANI, ) ) ) ) | |
| Defendants. ) ) ) | |

## COMPLAINT

Plaintiffs, complaining of the defendants, allege as follows:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege four (4) causes of action for copyright infringement based on the defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to this complaint sets forth in summary form the allegations hereinafter made with respect to the plaintiffs,

# 1047

their copyrighted musical compositions, and defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Radhey, Inc. is a Texas corporation which did, at the times hereinafter mentioned, and still does, own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as La Vida Caliente, located at 5865 S. Gessner, in Houston, in the State of Texas.

5. Upon information and belief, defendant Kishore K. Motwani is a resident of this District and, at all times hereinafter mentioned, was, and still is, the President and principal shareholder of defendant Radhey, Inc., with primary responsibility for the control, management, operation and maintenance of the affairs of said corporation. The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6. Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a certificate of registration, identified as set forth in Column 6.

10. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on defendants' premises, for the entertainment

3

and amusement of the patrons attending said premises, and defendants threaten to continue such infringing performances.

11. The performances of the plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on defendants' premises were unauthorized: neither defendants, nor any of the defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any plaintiff or any agent, servant or employee of any plaintiff to give such performances.

12. In undertaking the conduct complained of in this action, defendants knowingly and intentionally violated plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the defendants of their liability under the United States Copyright Law, defendants have continued to perform copyrighted music without permission

4

during the hours that defendants' establishment is open to the public for business and presenting musical entertainment.

(c)  The many unauthorized performances at La Vida Caliente include the performances of the four copyrighted musical compositions upon which this action is based.

13.  At the times of the acts of infringement complained of, the plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

14.  The said wrongful acts of the defendants have caused and are causing great injury to the plaintiffs, which damage cannot be accurately computed, and unless this court restrains the defendants from the further commission of said acts, said plaintiffs will suffer irreparable injury, for all of which the said plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That defendants and all persons acting under the direction, control, permission or authority of defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in defendants' said premises, or in any place owned,

controlled or conducted by defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

    II.  That defendants be decreed to pay such statutory damages as to the court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

    III.  That defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

    IV.  For such other and further relief as may be just and equitable.

_____
Jeff A. McDaniel
So. District No. 17,447
State Bar No. 13518020
DAFFER MCDANIEL, LLP
The Chase Building
700 Lavaca, Suite 720
Austin, Texas  78701
(512) 476-1400 (voice)
(512) 703-1250 (facsimile)

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringe-ment |
| 1. | CRISMA, INC. | MI ETERNO AMOR SECRETO | MARCO ANTONIO SOLIS | 1/26/99 | PA 1-063-396 | 1/17/04 |
| 2. | ALMA MUSICAL/BMG SONGS, INC. | ABRAZAME MUY FUERTE | ALBERTO AGUILERA VALADEZ (AKA JUAN GABRIEL) | 12/12/00 | PA 1-015-046 | 1/17/04 |
| 3. | JUAN & NELSON PUBLISHING | PIDEME | MIGUEL DE LA CRUZ ORTIZ (AKA MIGUEL BRAHO) | 11/5/02 | PA 1-122-355 | 1/18/04 |
| 4. | JUAN & NELSON PUBLISHING | DOS LOCOS | ALEJANDRO MARTINEZ | 3/5/02 | PA 1-090-562 | 1/18/04 |

SCHEDULE "A"

Case 4:04-cv-04510   Document 1   Filed in TXSD on 11/26/04   Page 8 of 8

United States Courts
Southern District of Texas
FILED
NOV 26 2004
Michael N. Milby, Clerk

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CRISMA INC., ET AL.

## DEFENDANTS
RADHEY, INC. AND KISHORE K. MOTWANI

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New York
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

H-04-4510

(C) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeff A. McDaniel / Daffer McDaniel, LLP
700 Lavaca Street, Suite 720
Austin, Texas 78701-3119    (512) 476-1400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN 'X- IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 LISC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 81 0 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 341 0 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1 395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 51 0 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS -Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 U.S.C. Sections 106(4), 501 et. seq. (1988)
This is a copyright infringement action based upon the unauthorized public performance of musical compositions.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER FR C.P 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 11-23-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG JUDGE ____